IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Stephen Ray Westberry, ) | C/A No. 0:10-2863-RBH-PJG |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| Jon Ozmint, *SCDC Director*; and Michael ) | |
| McCall, *SCDC Warden*, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

Plaintiff Stephen Ray Westberry, a self-represented state prisoner, filed this action pursuant to 42 U.S.C. § 1983 alleging a violation of his constitutional rights. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on the defendants' motion for summary judgment. (ECF Nos. 67.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Westberry was advised of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the defendants' motion. (ECF No. 68.) Westberry filed a response in opposition. (ECF No. 71.) Also pending before the court are numerous motions to compel filed by Westberry (ECF Nos. 26, 40, 41, 44, 47, 52, 53, 63), motions for a hearing (ECF Nos. 23 & 30), and a motion in which Westberry seeks a refund to his prison account for erroneous copies of another inmates' medical records (ECF No. 73).[1] Having carefully considered the parties' submissions and the applicable law, the court concludes that the defendants' motion should be granted and Westberry's motions should be denied.

---

[1] The allegations in this motion are unrelated to the claims in Westberry's Complaint and are not properly before the court.

Page 1 of 6



**BACKGROUND**

Westberry is in the custody of the South Carolina Department of Corrections ("SCDC") serving a life sentence. He attaches to his Complaint a copy of the September 3, 1998 order that imposed his sentence and that noted that "[t]his sentence is imposed pursuant to [S.C. Code Ann.] § 17-24-70(A) guilty but mentally ill." (ECF No. 1-3 at 4.) Liberally construed, Westberry's Complaint alleges that SCDC is in violation of the court's order in that in early 2006 they changed his classification status to "no mental health" and discontinued his psychiatric treatment. (Compl., ECF No. 1 at 4; 1-2 at 1; 1-3 at 1.) He seeks damages and reinstatement of his psychiatric treatment.[2] (Compl., ECF No. 1 at 6.)

**DISCUSSION**

A.   **Summary Judgment Standard**

Summary judgment is appropriate only if the moving party "shows that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party may support or refute that a material fact is not disputed by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). Rule 56 mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

---

[2] Alternatively, Westberry requests that his sentence be vacated. (Compl., ECF No. 1 at 6.) Habeas corpus is the exclusive remedy for a prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). Therefore, to the extent Westberry is attempting to challenge his conviction, he cannot do so under 42 U.S.C. § 1983.



In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(c), (e); Celotex Corp., 477 U.S. at 322. Further, while the federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Cruz v. Beto, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**B.      Exhaustion of Administrative Remedies**

The defendants argue that they are entitled to summary judgment because Westberry has failed to exhaust his administrative remedies with regard to his claims. (ECF No. 67-4 at 7-8.) A prisoner must exhaust his administrative remedies as required by the Prison Litigation Reform Act ("PLRA"), specifically 42 U.S.C. § 1997e(a). Section 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law,



by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." This requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002). To satisfy this requirement, a plaintiff must avail himself of every level of available administrative review. See Booth v. Churner, 532 U.S. 731 (2001). Those remedies neither need to meet federal standards, nor are they required to be plain, speedy, and effective. Porter, 534 U.S. at 524 (quoting Booth, 532 U.S. at 739). Satisfaction of the exhaustion requirement requires "using all steps that the agency holds out, and doing so *properly*." Woodford v. Ngo, 548 U.S. 81, 90 (2006) (quoting Pozo v. McCaughtry, 286 F.3d 1022, 1024 (7th Cir. 2002)) (emphasis in original). Thus, "it is the prison's requirements, and not the [Prison Litigation Reform Act], that define the boundaries of proper exhaustion." Jones v. Bock, 549 U.S. 199, 218 (2007). The defendants have the burden of establishing that a plaintiff failed to exhaust his administrative remedies. Anderson v. XYZ Corr. Health Servs., Inc., 407 F.3d 674, 683 (4th Cir. 2005).

Pursuant to SCDC policy, an inmate seeking to complain of prison conditions must first attempt to informally resolve his complaint. Next, an inmate may file a "Step 1 Grievance" with designated prison staff. If the Step 1 Grievance is denied, the inmate may appeal to the warden of his facility via a "Step 2 Grievance." Westberry includes as attachments to his Complaint a request to staff and a Step 1 grievance regarding his claim that SCDC failed to continue to provide him with psychiatric treatment. (ECF No. 1-3 at 1-3.) His Step 1 grievance was filed on March 15, 2010 and returned to Westberry on April 7, 2010. He never filed a Step 2 grievance. In fact, he appeared to acknowledge his failure to appeal the denial of his Step 1 grievance by filing a Step 2 with the

warden in an annotation he made on November 2, 2010 at the bottom of his Step 1 form. (Id. at 3.) The defendants argue that because Westberry did not properly appeal the denial of his Step 1 grievance by filing a Step 2 grievance, he did not exhaust his administrative remedies. Exhaustion is required even when a prisoner seeks remedies, such as money damages, that are not available in the administrative proceedings. See Booth, 532 U.S. at 740-41. Westberry does not refute the defendants' argument in his response in opposition to their motion for summary judgment. Further, no evidence has been presented suggesting that the defendants prevented him in any manner from filing grievances. Cf. Hill v. O'Brien, No. 09-6823, 2010 WL 2748807 (4th Cir. July 12, 2010); Hill v. Haynes, No. 08-7244, 2010 WL 2182477 (4th Cir. June 2, 2010). Therefore, the court finds that Westberry's claim has not been properly exhausted pursuant to 42 U.S.C. § 1997e(a) and should therefore be dismissed.

## RECOMMENDATION

Accordingly, the court recommends that the defendants' motion for summary judgment (ECF No. 67) be granted. In light of this recommendation, the court further recommends and that Westberry's motions (ECF Nos. 23, 26, 30, 40, 41, 44, 47, 52, 53, 63, & 73) be denied.

*signature*
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

June 23, 2011
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).