IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Stephen Ray Westberry, | ) | Civil Action No.: 0:10-cv-02863-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Jon Ozmint, SCDC Director; | ) | |
| Michael McCall, SCDC Warden; | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Plaintiff, a state prisoner proceeding *pro se*, brought this action pursuant to 42 U.S.C. § 1983.

Plaintiff is currently incarcerated at Perry Correctional Institution in Pelzer, South Carolina.

On April 22, 2011, Defendants filed their [Docket Entry 67] Motion for Summary Judgment.

Because Plaintiff is proceeding *pro se*, the court entered an order pursuant to *Roseboro v. Garrison*,

528 F.2d 309 (4th Cir. 1975), on April 25, 2011, advising Plaintiff of the motion for summary

judgment procedures and the possible consequences if he failed to adequately respond.  Plaintiff

timely filed his [Docket Entry 71] Response in Opposition to the summary judgment motion.

Plaintiff also has filed numerous motions to compel [Docket Entries 26, 40, 41, 44, 47, 52, 53, &

63], motions for a hearing [Docket Entries 23 & 30], and a motion for a refund [Docket Entry 73].

This matter is now before the court with the [Docket Entry 79] Report and Recommendation

("R & R") of United States Magistrate Judge Paige J. Gossett[1] filed on June 27, 2011.  In her R &

R, the Magistrate Judge recommended that "the defendants' motion should be granted and

Westberry's motions should be denied." R & R at 1.  Plaintiff timely filed objections to the R & R.

---

[1] This matter was referred to Magistrate Judge Gossett pursuant to 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2), D.S.C.

*See* Obj. [Docket Entry 81].

## **Standard of Review**

The Magistrate Judge makes only a recommendation to the court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

## **Discussion**

In her R & R, the Magistrate Judge concluded that Plaintiff had failed to properly exhaust his claim and therefore the claim should be dismissed. R & R at 5. Specifically, the Magistrate Judge found as follows:

> The defendants argue that because [Plaintiff] did not properly appeal the denial of his Step 1 grievance by filing a Step 2 grievance, he did not exhaust his administrative remedies. Exhaustion is required even when a prisoner seeks remedies, such as money damages, that are not available in the administrative proceedings. [Plaintiff] does not refute the defendants' argument in his response in opposition to their motion

for summary judgment.  Further, no evidence has been presented suggesting that the defendants prevented him in any manner from filing grievances.  Therefore, the court finds that [Plaintiff's] claim has not been properly exhausted pursuant to 42 U.S.C. § 1997e(a) and should therefore be dismissed.

*Id.* (internal citations omitted).

On July 8, 2011,[2] Plaintiff filed what is docketed as his objections to the R & R.  However, upon review of that document, Plaintiff did not object to the Magistrate Judge's finding that his § 1983 claim was not exhausted and should be dismissed.  As a matter of the fact, the document does not contain any specific objections to the R & R.  Rather, the document states the following, in its entirety: "This plaintiff does not except [sic] your Report and Recommendation and by no means excepts [sic] SCDC's standard of lifestyle.  Therefore, your documents are return and are denied by this plaintiff."  Obj. at 1.  Attached to this document is Plaintiff's copy of the R & R. *See* [Docket Entry 81-1].  Nothing in the filing can be construed as a specific objection to the findings and recommendations of the Magistrate Judge.

Accordingly, because Plaintiff failed to specifically object to the Magistrate Judge's finding that his claim has not been properly exhausted and should be dismissed, the court adopts the Magistrate Judge's R & R after reviewing the record for clear error and finding none. *See Diamond*, 416 F.3d at 315.

## Conclusion

The court has thoroughly reviewed the entire record, including the R & R and objections, and applicable law.  For the reasons stated above and by the Magistrate Judge, the court hereby overrules any objections of Plaintiff and adopts and incorporates by reference the Magistrate Judge's R & R.

---

[2] Filing date under *Houston v. Lack*, 487 U.S. 266 (1988) (stating that a prisoner's pleading is deemed filed at the moment of delivery to prison authorities for forwarding to district court).

3

Accordingly, it is therefore **ORDERED** that the defendants' motion for summary judgment is

**GRANTED**, and Plaintiff's motions are hereby **DENIED**.

      **IT IS SO ORDERED.**


                     s/R. Bryan Harwell
                     R. Bryan Harwell
                     United States District Judge

Florence, South Carolina
July 20, 2011